ORDER

PER CURIAM.
Nelson T. Brookins appeals a decision of the United States Court of Appeals for Veterans Claims (“Veterans Court”) affirming the Board of Veterans’ Appeals’ (“Board”) decision to deny service connection for Mr. Brookins’s schizophrenia.
Mr. Brookins served in the Navy from 1989 to 1993. His service medical records and his evaluation at discharge from the Navy did not indicate any psychiatric disorder. During service he was arrested for, inter aha, driving while intoxicated and disorderly conduct. During a 1997 admission to a Veterans’ Administration hospital, schizophrenia was ruled out.
It was not until 1998 that, after he began reporting auditory and visual hallucinations, Mr. Brookins was diagnosed with schizophrenia. He also stated in 2004 that he believed his problem began in the service and that he heard voices within a year and a half of leaving the service.
In a 2006 decision, the Board of Veterans’ Appeals determined that Mr. Brookins’s schizophrenia was not service-related. The Veterans Court affirmed.
Mr. Brookins appealed to this court. The Secretary of Veterans Affairs moved to dismiss for lack of jurisdiction. Mr. Brookins opposed and requested time to obtain counsel. We denied the Secretary’s motion without prejudice and allowed Mr. Brookins time to obtain counsel. Mr. Brookins, however, did not obtain counsel for this appeal. In the briefing on the merits, the Secretary renewed his argument that we lack jurisdiction over Mr. Brookins’s appeal.
Under 38 U.S.C. § 7292, this court has extremely limited authority to review decisions of the Veterans Court. This court decides “all relevant questions of law, including interpreting constitutional and statutory provisions.” 38 U.S.C. § 7292(d)(1). However, unless the appeal presents a constitutional issue, we may not review challenges to factual determinations or “to a law or regulation as applied to the facts of a particular case.” Id. § 7292(d)(2).
In his informal appeal brief, Mr. Brookins states, “I would like for the court to award me 100% disability service connected.” This is, in fact, the only sentence Mr. Brookins wrote in his informal brief. Mr. Brookins also checked boxes indicating the Veterans Court decision he is appealing did not “involve the validity or interpretation of a statute or regulation” and did not involve “constitutional issues.” Mr. Brookins also checked a box indicating that the Veterans Court did not “fail to decide any other issue correctly.”
Because Mr. Brookins indicates he does not challenge any of the aspects of the Veterans Court’s decision over which we would have jurisdiction, the Secretary is correct that we cannot exercise jurisdiction over his appeal.
Accordingly,
IT IS ORDERED THAT:
*424 (1) The appeal is dismissed.
(2) Each side shall bear its own costs.